UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BENNETT,

    Petitioner,                                    Case No. 5:12-CV-12054

v.                                                  Hon. John Corbett O'Meara

MILLICENT WARREN,

    Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENTS MOTION FOR SUMMARY JUDGMENT [DKT 11] AND GRANTING PETITIONER REQUEST TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE**

Paula Bennett, ("Petitioner"), a state prisoner, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges her Wayne Circuit Court conviction for first-degree premeditated murder. MICH. COMP. LAWS § 750.316. Respondent filed a motion for summary judgment asserting that the petition should be dismissed without prejudice because three of Petitioner's claims were not exhausted in the state courts. Petitioner responded to the motion by requesting that the Court stay the habeas corpus proceeding and hold the petition in abeyance to permit her to return to the state courts and file a motion for relief from judgment raising her unexhausted claims. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts. If this fails, the petition will be dismissed without prejudice.

**I. Background**

Petitioner was convicted after a jury trial in the Wayne Circuit Court. Following her conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, which

1

raised two claims: (1) insufficiency of the evidence; and (2) prosecutorial misconduct. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *People v. Bennett*, 802 N.W.2d 627 (Mich. App. 2010).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same two claims as she raised in the Michigan Court of Appeals. Petitioner also raised an additional claim asserting that the jury instructions were erroneous. This new claim was tagged-on to the issue heading for Petitioner's sufficiency of the evidence claim. On April 25, 2011, the Michigan Supreme Court denied the application for leave because it was not persuaded that the questions presented should be reviewed. *People v. Bennett*, 796 N.W.2d 75 (Mich. 2011) (unpublished table decision).

Petitioner filed her habeas petition on May 7, 2012. The petition raises four claims. The first two claims are the same ones raised by Petitioner in both the Michigan Court of Appeals and Michigan Supreme Court. Her third and fourth claims were not presented to any state courts, and her first claim contains the same tagged-on claim that was added to her application for leave to appeal filed in the Michigan Supreme Court.

## II. Discussion

Federal district courts are authorized to stay habeas petitions pending the exhaustion of other claims. *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

In this case, Petitioner requests a stay because she alleges that she would like to file a motion for relief from judgment in the trial court and exhaust her third and fourth habeas claims as well as the unexhausted portion of her first claim. As Respondent correctly argued in its motion, this portion of Petitioner's first habeas claim is not exhausted because it was not presented to the Michigan Court of Appeals. *See Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990). Petitioner's third and fourth claims are not exhausted because they were not presented to any state court.

A common circumstance calling for abating a habeas petition arises when a Petitioner wishes to exhausted claims, but the dismissal without prejudice of the petition would probably result in the second petition being time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The Michigan Supreme Court denied leave to appeal after Petitioner's direct appeal on April 25, 2011. The period of limitations began running 90 days later when the time for filing a petition for certiorari in the United States Supreme Court expired, or on July 24, 2011. See § 2244(d)(1)(a). Petitioner filed the instant petition on May 7, 2012, and she therefore had only a little over two months remaining on the limitations period when it was filed.

The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(*citing Rhines v. Weber,* 544 U.S. 269, 278 (2005)). The Court will, therefore, grant Petitioner's motion.

However, even where a district court determines that a stay is appropriate pending

3

exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which she must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to pursue post-conviction proceedings in the state courts.  This tolling is conditioned upon Petitioner filing her motion for relief from judgment within sixty (60) days of the date of this order and then  returning to federal court within sixty (60) days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

It is **ORDERED** that Respondent's motion for summary judgment is **DENIED.**

It is further **ORDERED** that Petitioner's request to hold the petition for writ of habeas corpus in abeyance is **GRANTED**.  Petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order.  If Petitioner fails to do so by that date, the Court will dismiss his petition without prejudice.

If Petitioner files the motion, he shall notify this Court that such papers have been filed in state court.  The case will then be held in abeyance pending  Petitioner's exhaustion of the claims. Petitioner shall refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings.  Petitioner is free at that time to file an amended habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this

case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

> s/John Corbett O'Meara
> United States District Judge

Date:  December 28, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 28, 2012, using the ECF system and/or ordinary mail.

> s/William Barkholz
> Case Manager