STATE OF MICHIGAN

IN THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN,

                              Case No. 07-24733-02

                Plaintiff,

vs.

PAULA RENE BENNETT,

                Defendant.
-----------------------------------

MOTION

Before the **HONORABLE MICHAEL J. CALLAHAN,**

**CIRCUIT COURT JUDGE FOR THE COUNTY OF WAYNE**

Detroit, Michigan - March 28, 2008.

**APPEARANCES:**

                      MS. MOLLY KETTLER
                        Assistant Prosecuting Attorney

                          On behalf of the People

                      MR. JOSEPH A. NISKAR
                      Attorney at Law

                          On behalf of the
Defendant

                            Jeffrey B.
Goldsmith                                Official
Court Reporter
CSMR-0037

INDEX

WITNESSES:                                                                          PAGE:

        NONE

EXHIBITS:                                                      INTRODUCED   ADMITTED

        NONE

Detroit, Michigan

March 28, 2008

PROCEEDINGS

THE COURT: This is People versus Kyron Benson and Paula R. Bennett. Counsel?

MS. KETTLER: good morning, Your Honor, Molly Kettler on behalf of the People of the State of Michigan.

MR. NISKAR: Good morning, Your Honor. May it please the Court, Joseph Niskar on behalf of Ms. Kathleen McIntyre who is a proposed witness for the prosecution, who's testimony is the subject of this motion.

MS. KETTLER: Judge, I have filed a motion, I think that counsel for Ms. Bennett is here and I think we discussed it and he doesn't need to be.

MR. WHITE: Well actually,

THE COURT: Counsel, your appearance?

MR. WHITE: Your Honor, for the record, Walter White, appearing on behalf of Paula Bennett. I am not a party to this motion, but I felt it was appropriate for me to be here.

THE COURT: You are always welcome. Is there some objection that you have to the prosecutor having the testimony of this witness?

MR. WHITE: Not per se. I think this is your decision.

THE COURT: Wise man. Every decision that is made in this courtroom is my decision. I asked if you had any objection?

3

MR. WHITE: I don't know if I even have standing to have an objection to Ms. McIntyre.

THE COURT: Since I asked you the question, That gives you standing.

MR. WHITE: Your Honor, my feeling on it is that if the attorney for the witness –

THE COURT: Do you or don't you?

MR. WHITE: I do.

THE COURT: Counsel, what's the objection?

MR. NISKAR: My objection is that Ms. McIntyre intends to assert her fifth amendment rights at that time that she is called.

THE COURT: On what basis?

MR. NISKAR: On the basis that she was originally arrested by the Sumpter Township police department. That she was suspected. She was Marandized. She was questioned. Thereafter she was released. She was told by Sumpter Township police department that a warrant was going to be requested regarding accessory after the fact and accessory to murder. That, thereafter the prosecution subpoenaed her to appear at a preliminary examination. They released her from the subpoena and the prosecution theory is that she doesn't have a fifth amendment concern, she just doesn't want to testify.

The way that I believe the proofs will come in, is that the witnesses are actually protecting Ms. McIntyre –

4

THE COURT: Well, the issue before me is do they get to depose her or have her now to see what they are going to do at trial?

MR. NISKAR: They did investigating subpoenas. They did not take any deposition of Ms. McIntyre.

THE COURT: Ms. Kettler?

MS. KETTLER: Judge, the reason that I filed this motion, and I have attached some correspondence that I have had between counsel and myself is this. From the very beginning of this process, Mr. Niskar, since his appearance in the case, has indicated to me that his client has concerns about incrimination, but that he would bring her in for a kind of proper meeting, and I gave him a proper letter for that purpose.

Since that time, he has continued to put me off and postpone it and indicate to me that —

THE COURT: While that may be rude, it's not illegal, necessarily.

MS. KETTLER: No. But I think it is indicative of the disingenuousness of the claim of her fifth amendment.

THE COURT: Well, that's my problem. Mr. Niskar came in yesterday to say that he wanted to leave his client in high school, because she was going to high school. What high school does she go to?

MR. NISKAR: She lives in Van Buren. I am not sure of what

high school.

THE COURT: Well, there is only one high school in Van Buren and it's called Belleville. But, in any event, I'll bring her in on Monday and we will find out.

MS. KETTLER: Okay, Judge. I start a trial on Monday.

THE COURT: Well, I am not sure that it requires your particular skills to find out if she is going to assert her fifth amendment. I'll put her under oath, then if she is not going to assert her fifth, I'll allow your procedure to go forward. If she does assert her fifth, then I will have it on the record. But, I am here at 8:30 anyway.

MS. KETTLER: My concern is what do we do if she does assert it, because as my motion indicates, a person does not have the right to assert a fifth amendment privilege unless they truly have one.

THE COURT: I understand that. That's why I said that I have to put her under oath to make the determination first whether she is going to assert it. Then I'll find out if there is a basis for it.

MS. KETTLER: Okay. I just wanted the Court to be aware and I have attached correspondence to my motion. What I was starting to say was is that he kept saying that he would do that, and then all of a sudden his position changed.

THE COURT: Well, he is not going to have a choice.

6

MS. KETTLER: I think the Court should keep that in mind when it is considering whether there is really - but you are going to have the witness here, so thank you.

THE COURT: I suggest you be here at 8:30. I can't imagine other judges start their court at 8:30.

MS. KETTLER: That is probably true. I'll be here.

THE COURT: See you at 8:30. Bring the woman. She has no choice. If you don't bring her, I'll have a warrant signed for her arrest.

MR. NISKAR: I will bring her.

THE COURT: Thank you.

MS. KETTLER: Can I just inquire, Your Honor, if the Court does determine that she needs to give a statement, should I have an officer here to do that on that date?

THE COURT: No. I know that I can order her. I'll have her go to the station and she will give a statement if she doesn't not have a valid fifth amendment concern. In the meantime, I suppose the prosecutor decides to immunize her or not.

MS. KETTLER: I need to know what she wants to be immunized from.

THE COURT: I understand that.

MS. KETTLER: That's all I ever wanted.

THE COURT: Thank you.

MS. KETTLER: Thank you, Your Honor.

MR. NISKAR: Thank you.

(Matter concluded)

STATE OF MICHIGAN)

COUNTY OF WAYNE )


I, Jeffrey B. Goldsmith, Official Court Reporter for the Third Judicial Circuit of Michigan, do hereby certify that I reported the foregoing proceedings before the Honorable MICHAEL J. CALLAHAN, Circuit Judge on March 28, 2008; that the foregoing

8

9 pages constitutes a true and correct transcript of the proceedings so held.

_____<br>
Official Court Reporter<br>
CSMR-0037